IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID A. GUNTER,

                          Plaintiff,                          ORDER

    v.

                                                      14-cv-664-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                          Defendant.

---

      Plaintiff David Gunter seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On December 1, 2015, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

      Gunter alleged that he was unable to work because of degenerative disc disease, leg pain, depression, and anxiety. The ALJ concluded that Gunter had the residual functional capacity (RFC) to perform sedentary work, but that he required a sit/stand option allowing him to stand for 5 minutes after sitting for 30 minutes, without being off task for more than 10 percent of the work day. R. 16.[1] Although the ALJ partially credited Gunter's subjective complaints of pain, he discounted the severity of those complaints because: (1) Gunter engaged in "wide and varied" daily activities; (2) Gunter's self-reports of functioning were inconsistent with each other; (3) Gunter attempted only conservative treatment for his conditions; and (4) there was no objective evidence to support Gunter's description of his limitations.

---

[1] Record cites are to the administrative record, which is located at Dkt. 12.

The court reviews an ALJ's credibility determination deferentially, overturning that determination "only if it is patently wrong." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). But an ALJ must provide "specific reasons for the credibility finding. . . . The finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Id.* (internal citations omitted). In this case, Gunter's medically determined impairments could account for his symptoms, and thus his credibility is the critical issue. Gunter contends that none of the ALJ's reasons justified an adverse credibility determination. The court agrees and will therefore remand this case.

Beginning with Gunter's activities of daily living, the ALJ incorrectly characterized them as "wide and varied." R. 17. The record confirms that Gunter's activities are, in fact, very limited: he struggles with personal care, he can perform household chores only with frequent breaks, and his outings are simple and brief. R. 17, 225-33, 244-52. Even his lawnmower accident shows only that he was able to sit on a riding mower, not that he was capable of doing a full range of yard work. The ALJ noted some of these difficulties, but he did not explain how Gunter's limited daily activities nevertheless discredited his complaints of pain.

The same is true for the ALJ's implication that Gunter's function reports were inconsistent with each other. The inconsistencies were slight—for example, Gunter initially reported that he could walk one block before needing rest, but a year later, he reported that he could walk only a half of a block to a block before needing rest—and the ALJ did not explain how these discrepancies were relevant to Gunter's credibility. Moreover, Gunter has degenerative disc disease: "[t]he term 'degenerative' implies that [the claimant] suffers from a condition that will get worse over time, especially without proper treatment; it is not one that

2

will remain stable or improve." *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013). Increasing limitations would be *consistent* with degenerative impairments, not a basis for doubting Gunter's subjective complaints.

The ALJ implied that Gunter's pursuit of only conservative treatment undermined his credibility. R. 18-19. The parties cite to conflicting Seventh Circuit cases on the issue of whether narcotic pain medication, injections, and physical therapy qualify as "conservative" treatment. *See* Dkt. 16, at 15-16 and Dkt. 17, at 6. But the dispute is ultimately immaterial because even if the ALJ was correct to classify Gunter's treatment history as conservative, the ALJ too quickly brushed aside Gunter's reasons for not pursuing the one more aggressive option: surgery. Indeed, Gunter's doctors recommended spinal surgery, but they would not operate on him because of his weight and blood pressure. Gunter explained that he could not take steps to reduce his weight (and thus become eligible for surgery) because his pain prevented him from exercising. The ALJ did not acknowledge Gunter's catch 22, nor did the ALJ consider whether Gunter's obesity may be the result of factors beyond his control. Without discussing these issues, the nature of Gunter's treatment was not a sound reason to discredit his subjective complaints of pain.

As for the objective evidence, the ALJ was simply wrong to conclude that it was inconsistent with Gunter's appraisal of his pain. Imaging studies from 2010 and 2011 showed mild to moderate spinal conditions, R. 264, 255, and a 2013 x-ray showed moderate to severe disc space narrowing, R. 477. The specific physical limitations that these findings supported would be a question for a medical expert. But for purposes of evaluating Gunter's statements that he was in pain, the ALJ failed to explain how these findings discredited Gunter. Indeed, considering Gunter's morbid obesity, even mild degenerative changes could

have caused considerable pain. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("[I]n considering the credibility of the obese woman's narrative of her ability to stand, sit, etc., the administrative law judge would have to determine the effect of her obesity on that ability.").

Because the ALJ failed to explain how the cited evidence undermined Gunter's complaints of pain, the court will remand this case to the Commissioner. The court does not take a position on the ultimate issue of Gunter's credibility as there may be evidence in the record that would support an adverse credibility determination. But on remand, the ALJ must reevaluate Gunter's credibility and explain his conclusions by accurately characterizing the evidence of record. This issue goes hand in hand with Gunter's second challenge to the ALJ's decision: whether the RFC is supported by substantial evidence. After reevaluating Gunter's credibility, the ALJ may need to formulate a new RFC that accounts for any of Gunter's statements that the ALJ credits.

Gunter's remaining challenges do not justify remand. He contends that the ALJ failed to account for the limitations that his anxiety and depression caused. But the medical evidence in the record did not identify any such limitations, and Gunter's representative did not press the issue of mental limitations during the hearing. Gunter also argues that the ALJ's hypothetical questions to the vocational expert were flawed because they included an "at will" sit/stand option, as opposed to the RFC's requirement that Gunter be able to stand for 5 minutes after sitting for 30 minutes. The ALJ's hypothetical was necessarily more restrictive than the RFC: it would have yielded *fewer* jobs than a question incorporating Gunter's more specific limitation would have yielded. Thus, Gunter could not have been harmed by the inconsistency. The ALJ may revisit these issues, but neither requires remand.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered December 2, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge